IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FARROKH EBRAHIMI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-0137-N |
| | § | |
| AMERICA'S WHOLESALE | § | |
| LENDER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendants America's Wholesale Lender ("America's Wholesale") and Bank of America NA, successor by merger to BAC Home Loans Servicing, L.P, formerly known as Countrywide Home Loans Servicing, L.P.'s ("Bank of America") motion for summary judgment [Doc. 4]. The Court grants the motion.

### I. THE MORTGAGE DISPUTE

This case involves the mortgage on a property that Plaintiff Farrokh Ebrahimi purchased in 2003 (the "Property"). In connection with the purchase of the Property, Ebrahimi secured a loan from America's Wholesale, executed a promissory note (the "Note") and deed of trust (the "Deed of Trust"), which pledged the Property as security. The Deed of Trust names Mortgage Electronic Registration Systems, Inc. ("MERS") as a beneficiary under the security instrument. *See* Defs.' Mot. Summary J. App. [6] 005. MERS assigned the Deed of Trust to Bank of America. *See id.* at 023–024. Following the assignment, Bank of America now services the loan.

ORDER – PAGE 1

Under the terms of the Note, Ebrahimi was to make monthly payments from November 2003 until October 2033. According to the sworn declaration of Jesse Ford, an Assistant Vice President, Operations Team Manager for Bank of America, "Plaintiff defaulted under the terms of the Note and Deed of Trust by failing to timely make his monthly mortgage payments. Specifically, Plaintiff made his last payment on the Loan on or about May 29, 2012, which paid the loan through December, 2011." *Id.* at 002. Ebrahimi does not dispute that he is in default. Bank of America sent Ebrahimi a Notice of Default in May, 2012. Ebrahimi subsequently brought suit against defendants in state court, asserting claims for fraud, violations of the Truth in Lending Act, 15 U.S.C. § 1640, *et seq.* ("TILA"), and seeking a declaratory judgment and injunctive relief. Defendants removed the case to this Court and now move for summary judgment on Ebrahimi's claims.

## II. EBRAHIMI HAS NOT MET HIS BURDEN IN REQUESTING A CONTINUANCE

Under Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)),[1] the Court may allow additional time to take discovery where the nonmovant shows "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition to a motion for summary judgment." FED. R. CIV. P. 56(d). "Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely." *State Farm Fire & Cas., Co. v. Whirlpool Corp.*, 2011 WL 3567466, at *2

---

[1]Federal Civil Rule of Procedure 56(f) became Rule 56(d) under the 2010 amendments to the Rules. *See* FED. R. CIV. P. 56. advisory committee notes ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."). Accordingly, cases cited in this Order that occurred prior to 2010 discuss Rule 56(f).

(N.D. Tex. 2011). Parties often invoke Rule 56(d) where they have had insufficient time for discovery. *See Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987).

"To obtain a continuance of a motion for summary judgment in order to obtain further discovery, a party must indicate to the court by some statement, preferably in writing (but not necessarily in the form of an affidavit), why he needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993) (emphasis in original) (citation omitted). The party seeking a continuance must "justify his entitlement to a continuance by presenting specific facts explaining his inability to make a substantive response." *Furman v. Compucom Sys., Inc.*, 2004 WL 1672314, at *3 (N.D. Tex. 2004) (citing *Union City*, 832 F.2d at 137). Vague assertions and unspecified fact issues are insufficient to carry the burden to continue under Rule 56(d). *See Union City*, 823 F.2d at 137 (citing *SEC v. Spence & Green Chem. Co.,* 612 F.2d 896, 901 (5th Cir.1980)).

In his response to the motion for summary judgment, Ebrahimi asserts that the motion "is premature at this stage in the case . . . [because] Defendants have sought judgment as a matter of law before any discovery has been conducted in the case." Pl.'s Resp.[9] ¶ 1. To the extent Ebrahimi is requesting a continuance of the Court's consideration of the motion for summary judgment, this statement is inadequate to satisfy his burden. Ebrahimi has neither stated why he needs additional discovery or how the additional discovery will create

ORDER – PAGE 3

a genuine issue of material fact.  Therefore, to the extent that Ebrahimi is requesting a continuance under Rule 56(d), the Court denies the request.

### III. STANDARD FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense.  *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return

a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

## IV. EBRAHIMI LACKS STANDING TO CHALLENGE SECURITIZATION OR TRANSFER OF THE LOAN

Ebrahimi's principal arguments are that America's Wholesale failed to properly secure the loan and improperly transferred the loan. *See* Notice of Removal [1], Ex. A-5 ("Pl.'s First Am. Verified Pleading") ¶¶ 13, 19, 22. Defendants argue that Ebrahimi, as a nonparty, lacks standing to challenge these actions. *See* Defs.' Mot. Summary J. ¶¶ 10–11. The Court agrees.

In *Reinagel v. Deutsche Bank National Trust Co.*, the Fifth Circuit acknowledged that, under well-settled Texas law, "an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment *voidable* at the election of the assignor" but "may defend 'on any ground which renders the assignment *void*.'" 735 F.3d 220, 224–25 (5th Cir. 2013) (emphasis added). A voidable contract is one that is "capable of being affirmed or rejected at the option of one of the parties," while a void

ORDER – PAGE 5

contract is "[o]f no legal effect."  BLACK'S LAW DICTIONARY 1709 (9th ed. 2009); *see also*

*Slaughter v. Qualls*, 162 S.W.2d 671, 674 (Tex. 1942).

  None of Ebrahimi's arguments supports the conclusion that the transfer and

securitization were void and not voidable.  In his complaint, Ebrahimi appears to challenge

the transfer on the grounds that "the funding of the underlying purported loan was created

or obtained by and through Plaintiff's signatures on Plaintiff's promissory note, which

Defendant later arbitrarily and deceitfully claimed as its own, and then either sold, traded,

collateralized, or deposited same for its own benefit and use."  Pl.'s First Am. Verified

Pleading  ¶ 13.  Yet, Ebrahimi fails to explain why America's Wholesale would be unable

to transfer or securitize the Note.  Ebrahimi also attacks the transfer and securitization on the

grounds that, by violating the Truth in Lending Act by failing to notify him that a transfer

had occurred, the lien was void.  *See* Pl.'s Resp. ¶¶ 10–11.  Yet, Ebrahimi cites no authority

for this proposition.

  In his response to the motion for summary judgment, Ebrahimi asserts additional

arguments for why the transfer and securitization were void and not voidable that were not

included in his complaint.  For example, Ebrahimi claims that the Defendants violated Texas

Property Code § 113.001(a), and "a violation of this statutes renders the lien void." *See* Pl.'s

Resp. ¶ 13.  Similarly, Ebrahimi claims the Defendants violated the Uniform Electronic

Transactions Act, and "a violation of this statute renders the lien void."  *Id.* ¶ 14.  Not only

were these claims not raised in the initial pleadings,[2] Ebrahimi has failed to provide any authority that violations of these statutes render a transfer or securitization void as opposed to voidable.

None of Ebrahimi's arguments supports the conclusion that the transfer and securitization were void and not voidable, and he therefore lacks standing to challenge these actions.  Accordingly, these arguments cannot support his claims in this lawsuit.

## V. EBRAHIMI'S CLAIMS DO NOT SURVIVE SUMMARY JUDGMENT

### A. Ebrahimi's Fraud Claims Fail as a Matter of Law

Defendants have demonstrated a lack of genuine issue of material fact regarding many of the elements of his fraud claim.  To prove a cause of action for fraud under Texas law, a plaintiff must establish that:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011) (quoting *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009)).

---

[2]"A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005).

Ebrahimi has not presented evidence that Defendants made any misrepresentations to him, that any such misrepresentations were false, that Defendants knew the representations were false, that they intended Ebrahimi to rely on them, that Ebrahimi did rely on them, or that he suffered any injury. The only factual allegation that could perhaps survive summary judgment is that Defendants did not provide "full, complete, and truthful disclosure regarding all financial instruments Plaintiff was compelled to sign, nor fully a[p]rise of the very nature and exact particulars of the defendant's entire loan process." Pl.'s First Am. Verified Pleading ¶ 19(i). This allegation is legally insufficient, however, because Ebrahimi has presented no evidence that this conduct was committed knowingly or that he suffered damages as a result. Accordingly, Ebrahimi cannot prevail on his fraud claims as a matter of law, and the Court must grant summary judgment in favor of Defendants.

### B. Ebrahimi's TILA Claim Fails as a Matter of Law

The Truth in Lending Act ("TILA") requires that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer," including a variety of information. 15 U.S.C. § 1641(g). "Section 1640(a)(1) of TILA provides that plaintiffs may recover 'any actual damage sustained by such person as a result of the failure' to make required consumer disclosures." *Perrone v. Gen. Motors Acceptance Corp.*, 232 F.3d 433, 435 (5th Cir. 2000) (quoting 15 U.S.C. § 1640(a)(1)); *see also Bever v. CitiMortgage, Inc.*, 2014 WL 1577250, at *14 (E.D. Cal. 2014) (dismissing a TILA claim where "Plaintiff fail[ed] to allege any actual damages"). Ebrahimi has presented

ORDER – PAGE 8

no evidence that he suffered any actual damage as a result of Defendant's alleged failure to disclose or that he is entitled to any recovery under section 1640(a)(2). Accordingly, Ebrahimi cannot prevail on his TILA claim as a matter of law, and the Court must grant summary judgment in favor of Defendants.

### C. Ebrahimi Is Not Entitled to His Requested Relief

Removal from state to federal court, in effect, converts a state court declaratory judgment action into one under the Declaratory Judgment Act ("DJA"). *See, e.g.*, *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, at *5 n.11 (N.D. Tex. 2011); *Morrice Logistics, Ltd. v. Intransit Inc.*, 2011 WL 1327397, at *4 n.1 (W.D. Tex. 2011). The DJA is a procedural mechanism: it creates no substantive rights. *See Lowe v. Ingalls Shipbldg.*, 723 F.2d 1173, 1179 (5th Cir. 1984); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937). For the DJA to provide relief, there must first be a justiciable controversy between the parties. *See Kazmi v. BAC Home Loans Servicing, L.P.*, 2012 WL 629440, at *15 (E.D. Tex. 2012); *see also Turner*, 2011 WL 3606688, at *5 (explaining that the DJA is "merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law"). Similarly, injunctive relief is simply a form of relief based on an underlying claim. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002). As the Court has granted summary judgment in favor of Defendants on all of the claims, no actual controversy exists between the parties. Defendants are therefore entitled to summary judgment on Ebrahimi's request for declaratory and injunctive relief.

CONCLUSION

Because Ebrahimi cannot prevail on his claims as a matter of law, the Court grants

Defendants' motion for summary judgment.


Signed November 21, 2014.


David C. Godbey
United States District Judge